UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **Briette Lapland,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-1665 |
| | ) |
| **Willow-Brookes Solutions LLC,** | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT WITH JURY DEMAND**

Now comes the Plaintiff, Briette Lapland, by and through her attorneys, and for her Complaint, against the Defendant, Willow-Brookes Solutions LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and for defamation under Indiana state law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. §1692k(d). This jurisdiction includes supplemental jurisdiction with respect to any pendent state claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Warsaw, Indiana

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of New York, which is not licensed to do business in Indiana, and which has its principal place of business in Amherst, New York.

## FACTS COMMON TO ALL COUNTS

9. Utilizing the phone number of 716-877-0606, Defendant contacted Plaintiff on numerous occasions.

10. Defendant contacted Plaintiff through employees, agents and/or representatives who identified themselves as "Tom," "Richard Ross," "Anthony Scott" and "Jeff Webber."

11. One or more of Defendant's representatives contacted Plaintiff at her place of employment, at telephone number 574-269-6700, on numerous occasions prior to June 11, 2013.

12. On multiple occasions, Plaintiff advised Defendant's employees, agents and/or representatives that she could not take Defendant's calls at her place of employment and asked that they not call here there again. Plaintiff also advised Defendant's employees, agents and/or representatives that she was represented by an attorney with respect to the alleged debt.

13. Despite Plaintiff having told Defendant's employees, agents and/or representatives that she was not permitted to take calls their while she was at work, Defendant called Plaintiff's place of employment in attempts to collect the alleged debt on or about August 20, 2013, September 24, 2013 and January 31, 2014.

14. Moreover, Defendant's employees, agents and/or representative, who identified himself as Richard Ross ("Ross"), discussed the alleged debt with Plaintiff's co-worker, Priscilla Goon ("Goon"), on or about June 11, 2013 and other dates. Ross told Goon that he needed to set up a time to drop off litigation papers because Plaintiff was being sued. Ross also told Goon that Plaintiff was committing fraud.

15. In addition, Defendant's employees, agents and/or representatives continued to contact Plaintiff after she told them that she was represented by an attorney with respect to the alleged debt.

16. During one phone call, a woman posing as a representative of a law firm called Plaintiff and transferred her to Ross, who stated that his call involved criminal activity and that if Plaintiff did not comply, legal action would be taken.

17. Defendant's egregious acts were compounded by the fact that Plaintiff had filed a chapter 7 bankruptcy case on March 31, 2013. She received a discharge in bankruptcy on July 8, 2013 and the bankruptcy case was closed on September 9, 2013.

18. In its attempts to collect the alleged debt as outlined above, Defendant violated the FDCPA.

19. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I

20. Plaintiff incorporates all allegations and statements above as though reiterated herein.

21. Defendant violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owed an alleged debt.

## COUNT II

22. Plaintiff incorporates all the allegations and statements above as though reiterated herein.

23. Defendant violated 15 U.S.C. § 1692b(3) by communicating more than once with a person other than Plaintiff regarding the alleged debt.

## COUNT III

24. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25. Defendant violated 15 USC § 1692(c)(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

**COUNT IV**

26. Plaintiff incorporates all the allegations and statements made above as though reiterated herein.

27. Defendant violated 15 U.S.C. § 1692(c)(a)(3) by communicating with Plaintiff at her place of employment where Defendant knew or had reason to know that Plaintiff's employer prohibited her from receiving such communications.

**COUNT V**

28. Plaintiff incorporates all the allegations and statements above as though reiterated herein.

29. Defendant violated 15 U.S.C. § 1692c(b) by communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.

## COUNT VI

30. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

31. Defendant violated 15 USC § 1692d(5) by causing Plaintiff's and her employer's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

## COUNT VII

32. Plaintiff incorporates all the allegations and statements above as though reiterated herein.

33. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing or implying that its employee was an attorney or was communicating on behalf of an attorney.

## COUNT VIII

34. Plaintiff incorporates all the allegations and statements above as though reiterated herein.

35. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

## COUNT IX

36. Plaintiff incorporates all the allegations and statements above as though reiterated herein.

37. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her.

## COUNT X

38. Plaintiff incorporates all the allegations and statements above as though reiterated herein.

39. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

## COUNT XI

40. Plaintiff incorporates all the allegations and statements above as though reiterated herein.

41. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

## COUNT XII

42. Plaintiff incorporates all the allegations and statements above as though reiterated herein.

43. Defendant's employees, agents and/or representative made defamatory statements to Plaintiff's employer and co-workers that Defendant's call concerned criminal activity of the Plaintiff.

44. Plaintiff is a private figure within the meaning of Indiana law.

45. Defendant's statements as set forth above caused harm to Plaintiff's reputation at work, with her employer and with her co-workers.

46. By reason of the foregoing, Plaintiff suffered substantial damages and is entitled to recover actual damages, compensatory damages and punitive damages.

47. Moreover, damages are presumed to have occurred because the defamatory statements of the Defendant and its representatives constitute defamation *per se.*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

B. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3), and any other legal and/or equitable relief as the Court deems appropriate;

D. Judgment in an amount in excess of $75,000 for actual and compensatory damages by reason of Defendant's defamatory statements, and punitive damages in an amount in excess of $150,000 by reason of Defendant's defamatory statements, so as to

punish Defendant and to disincline Defendant from engaging in such reprehensible defamatory conduct in the future.

RESPECTFULLY SUBMITTED,

Briette Lapland


By:   /s/ David B. Levin
       Attorney for Plaintiff


David B. Levin
IL Attorney No. 6212141
UpRight Law LLC
25 E. Washington Street
Suite 400
Chicago, IL 60602
Phone: 312-878-1867
Fax: 866-359-7478