UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRIETTE LAPLAND, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:14-CV-1665-WCL-CAN |
| WILLOW-BROOKES SOLUTIONS LLC, | ) ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

On October 23, 2014, Plaintiff, Briette Lapland, filed her Motion for Default Judgment. Through her motion, Plaintiff asks the Court to enter judgment in her favor against Defendant, Willow-Brookes Solutions LLC. Plaintiff also asks the Court to award her a total of $110,565.00.[1] On November 13, 2014, Plaintiff's motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). On December 18, 2014, the undersigned held a hearing to address Plaintiff's motion with the parties. Defendant did not appear. Therefore, for the reasons stated below, the undersigned recommends that Plaintiff's motion be granted.

**I.   RELEVANT BACKGROUND**

On June 17, 2014, Plaintiff filed her complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and defamation pursuant to Indiana common law. Plaintiff's complaint was based on Defendant's communications with Plaintiff and others, especially a co-worker at her place of employment, in connection with and

---

[1]Plaintiff's motion sought $106,820.00 in damages, attorneys fees, and court costs. However, at a hearing before the undersigned on December 18, 2014, Plaintiff submitted her Exhibit 3, which was an updated bill of costs including attorney fees related to the hearing that bumped the requested award up to $110,565.00.

in an attempt to collect an alleged debt.  Plaintiff alleges that Defendant's communications violated multiple subsections of the FDCPA as reflected in her eleven claims as cited below.

> COUNT I
> Defendant violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owed an alleged debt.
>
> COUNT II
> Defendant violated 15 U.S.C. § 1692b(3) by communicating more than once with a person other than Plaintiff regarding the alleged debt.
>
> COUNT III
> Defendant violated 15 U.S.C. § 1692(c)(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.
>
> COUNT IV
> Defendant violated 15 U.S.C. § 1692(c)(a)(3) by communicating with Plaintiff at her place of employment where Defendant knew or had reason to know that Plaintiff's employer prohibited her from receiving such communications.
>
> COUNT V
> Defendant violated 15 U.S.C. § 1692c(b) by communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.
>
> COUNT VI
> Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's and her employer's telephones to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse, and/or harass.
>
> COUNT VII
> Defendant violated 15 U.S.C. § 1692e(3) by falsely representing or implying that its employee was an attorney or was communicating on behalf of an attorney.
>
> COUNT VIII
> Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.
>
> COUNT IX
> Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her.

> COUNT X
> Defendant violated 15 U.S.C. § 1692e and 1692e(1) by using a false, deceptive or misleading representation or means in connection with collection of the alleged debt.
>
> COUNT XI
> Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

Doc. No. 1 at 4–7. Plaintiff also alleges a claim for defamation under Indiana common law against Defendant based on its communications with Plaintiff's co-worker, Priscilla Goon, that included false assertions that Plaintiff had engaged in fraud and that she was being sued. Doc. Nos. 1 at 7–8; 8-3 at 2.

On June 23, 2014, Defendant was served with the summons and complaint via certified mail. [Doc. No. 4]. Based on Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant's answer was due on July 14, 2014. Because no attorney had entered an appearance for Defendant and Defendant had not responded in any way to Plaintiff's complaint, Plaintiff filed a motion for clerk's entry of default on August 12, 2014. [Doc. No. 5]. In response, the Clerk of this Court entered Default against Defendant pursuant to Fed. R. Civ. P. 55(a) on August 15, 2014. [Doc. No. 7].

Plaintiff then filed the instant motion on October 23, 2014, seeking entry of default judgment against Defendant. Along with her motion, Plaintiff filed (1) her own affidavit [Doc. No. 8-2]; an affidavit from her co-worker, Ms. Goon [Doc. No. 8-3]; (3) an affidavit from her attorney, David Levin [Doc. No. 8-4]; and (5) an attorney's fees statement [Doc. No. 8-5]. Defendant failed to file any brief in response to Plaintiff's motion. After a telephonic status conference with the Court on November 13, 2014, at which Defendant did not appear, Plaintiff's motion was referred to the undersigned for a report and recommendation. The undersigned held a hearing on Plaintiff's motion on December 18, 2014. Plaintiff and her counsel attended, but

Defendant did not. Plaintiff testified and submitted three exhibits to the Court including her personal call log (Exh. 1), her bankruptcy discharge papers (Exh. 2), and an updated statement of her attorney's fees (Exh. 3).

**II.   ANALYSIS**

Federal Rule of Civil Procedure 55(b)(2) authorizes a party to seek and a court to enter default judgment once default is established against a party for failure to plead or otherwise defend the action. A default judgment establishes, as a matter of law, that a defendant is liable to plaintiff for each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). In considering a motion for default judgment, well-pleaded allegations in the complaint relating to liability are taken as true. *Merrill Lynch Mortg. Corp. v. Narayon*, 908 F.2d 246 (7th Cir. 1990); *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983). "Default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are sufficient to establish a legal claim." *Gard v. B&T Fin. Servs., LLC*, No. 2:12-CV-005-JD, 2013 WL 228816, at *1 (N.D. Ind. Jan. 22, 2013) (collecting cases). However, while well-pleaded allegations regarding liability are taken as true, a plaintiff must still prove the amount of damages to be awarded. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

In light of the well-pleaded allegations in her complaint, the evidence she filed with her motion for default judgment, her testimony at the hearing, and the exhibits she presented at the hearing, Plaintiff has more than satisfied her burden to establish her twelve legal claims against Defendant—eleven pursuant to the FDCPA and one for defamation under Indiana common law. Therefore, Plaintiff is entitled to default judgment leaving only the question of the amount of

4

damages to be awarded.

Here, Plaintiff has requested a total award of $110,565.00, including actual and statutory damages for Defendant's eleven violations of the FDCPA; actual and punitive damages for Defendant's defamatory conduct in violation of Indiana common law; attorneys' fees; and court costs. The FDCPA provides for the award of any actual damages, statutory damages not to exceed $1,000, and the costs of the action including reasonable attorney fees as determined by the court. 15 U.S.C. § 1692k(a). "Actual damages [under the FDCPA] include damages for personal humiliation, embarrassment, mental anguish and emotional distress." *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 957 (9th Cir. 2011) (upholding jury instruction); *see also Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011). An award of actual damages must be just and reasonable. *McCullough*, 637 F.3d at 957. In another case involving only two violations of the FDCPA, this Court awarded $25,000 in actual damages on a comparable motion for default judgment. *Gard*, 2013 WL 228816, at *2; *see also McCullough*, 637 F.3d at 957–58 (affirming a jury award of $250,000 in the face of damages far more involved than those in *Gard*).

Plaintiff has requested $25,000 in actual damages pursuant to the FDCPA. Plaintiff's request is just and reasonable. In her affidavit and her testimony, Plaintiff explained how Defendant's harassing phone calls at her place of employment were embarrassing, humiliating, and aggravating. The Court finds that Plaintiff reacted reasonably given Defendant's (1) repeated and unpredictable phone calls despite being told that she could not take personal calls at work, (2) false threats of legal action, (3) false accusations of fraud and criminal activity, and (4) disclosure of sensitive personal information, some of it false. Moreover, fear and anxiety was

5

also reasonable given the uncertainty of when the next call would come, what information would be revealed, and whether her job would be jeopardized.

As for FDCPA statutory damages, the Court must determine whether part or all of the $1,000 maximum shall be awarded. In making that decision related to individual plaintiffs, "the court shall consider . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995). In this case, the maximum statutory award of $1,000 is just and reasonable in light of the frequency and persistence of Defendant's improper communications. An argument for intentionality is also plausible giving Plaintiff's allegations of Defendant's continuing calls despite being informed that she could not receive personal calls at work; its deceptive or misleading misrepresentations; and threats of legal action without intending to file suit. Moreover, Defendant's eleven violations of the FDCPA far exceed the one violation necessary to justify an award of the $1,000 in statutory damages.

The FDCPA also provides for the recovery of reasonable attorney's fees as determined by the Court in the event of a successful enforcement action. 15 U.S.C. § 1692k(a)(3). Having reviewed attorney David Levin's Statement of Fees submitted to the Court at its hearing, the Court finds both $9,165.00 in attorney fees and $400.00 in court costs to be reasonable for prosecution of this action. Therefore, Plaintiff's request will be granted.

Having established Defendant's liability for defamation under Indiana common law, Plaintiff is also entitled to recover damages for "'actual' injury, [which] includes 'impairment of reputation and standing in the community,' as well as 'personal humiliation, and mental anguish

and suffering.'" *AAFCO Heating & Air Conditioning Co. v. Nw. Publs., Inc.*, 321 N.E.2d 580, 684 (Ind. Ct. App. 1974) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974). In addition, "punitive damages may be permissible where the defamer acts with such recklessness, that is, 'constitutional malice' under the *New York Times* standard . . . [which] requires either that the publisher knew that his statements were false, or that he acted with a reckless disregard for their truth." *Elliott v. Roach*, 409 N.E.2d 661, 687 (Ind. Ct. App. 1980) (citing *Gertz*, 418 U.S. at 349).

Once again, the evidence shows that Plaintiff's request for $25,000 in actual damages is just and reasonable in light of Defendant's defamatory conduct. By telling Ms. Goon that Plaintiff was being sued, that Defendant's representative would be dropping litigation papers at her place of employment, and that she was committing fraud, Defendant made false statements with malice to embarrass Plaintiff and coerce her to pay an alleged debt that had been discharged in bankruptcy. Plaintiff's evidence also confirms that she suffered significant embarrassment, humiliation, aggravation, mental anguish, and emotional distress. Although requested, the Court declines to recommend punitive damages.

### III. CONCLUSION

For the reasons noted above, the undersigned **RECOMMENDS** that Plaintiff's motion for default judgment be **GRANTED**. [Doc. No. 8]. In addition, the undersigned **RECOMMENDS** that the Court **ORDER** default judgment to be entered against Defendant, Willow-Brookes Solutions LLC and **ORDER** Defendant pay Plaintiff a total of $60,565.00 broken down as follows:

1. $25,000 in actual damages for eleven violations of the Fair Debt Collection Practices Act;

2. $1,000 in statutory damages for eleven violations of the Fair Debt Collection Practices Act;

3. $25,000 in actual damages for defamatory conduct in violation of Indiana common law;

4. $9,165.00 in attorney's fees; and

5. $400.00 in court costs.

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated January 21, 2015.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge